UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CHRISTOPHER AMEDEO**

**JESSICA AMEDEO**

*Plaintiffs*

Vs,

**MED-REV RECOVERIES INC**

**TLC EMERGENCY MEDICAL SERVICES INC**

*Defendant*

**COMPLAINT**

5:11-CV-491
(LEK/GHL)

JURY TRIAL
DEMANDED

Albany County        }
New York State       } ss:

Christopher Amedeo and Jessica Amedeo, the plaintiffs, by attorney Anthony J. Pietrafesa, Esq., complains of the defendant by alleging and showing that:

### NATURE OF ACTION

1. This is an action to, inter alia, enforce the Fair Debt Collection Practice Act 15 USC §1692 *et seq*, (FDCPA) and New York State General Business Law §349.

### JURIDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 USC §1692k (d) and 28 USC §1331. The Court has supplemental jurisdiction per 28 USC §1367 to hear and adjudicate plaintiff's state law claims.

3. Venue is proper in this district per 28 USC §1391 (b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because plaintiff lives in this district, defendants transact business in this district and the collection letters and communications complained of were sent to this district.

**PARTIES**

4. At all relevant times:

   a. We reside in the City of Cortland, Cortland County, New York State, within this district,

   b. Christopher Amedeo is a" consumer" as that term is defined in the FDCPA, in that he is an individual who allegedly owe a debt to Med-Rev Recoveries and TLC Emergency Medical Services Inc. ; Jessica Amedeo is married to Christopher Amedeo; we are each a "consumer" as that term is used in the New York State General Business Law 349

5. Upon information and belief, at all relevant times, the defendant Med-Rev Recoveries Inc ( " Med-Rev") :

   a. Is a corporation organized and existing under the laws of New York , with a principal place of business at Liverpool, Onondaga County, New York;

   b. Is a "debt collector" as that term is defined in the FDCPA;

      c.    Transacts business in this district;

  d.    Is regularly engaged, for profit, in the collection for others of debt allegedly owed to them by consumers, by use of the mail, telephone, and other means of interstate commerce.

6.    Upon information and belief, at all relevant times, the defendant TLC Emergency Medical Services Inc ( "TLC"):

      a.    is a corporation organized and existing under the laws of New York, which a principal place of business at Syracuse, Onondaga County, New York;

      b.    transacts business in this district;

      c.    hired Med Rev to collect debts on its behalf and supervised or directed Med Rev in that regard or approved of Med-Rev's actions;

7.    The persons named and unnamed herein are employees or agents of the defendants and were working at all times under the scope of their employment and agency and the defendants are responsible for their actions and words.

## FACTUAL ALLEGATIONS

8.    On or about March 15, 2010 Christopher Amedeo was having chest pains and went to Cortland Memorial Hospital. The doctors there determined he needed to go to St. Joseph's Hospital in Syracuse. The hospitals arranged to have TLC Emergency Medical Services Inc. take him to Syracuse.

9. On or after March 18, 2010, we received a billing statement from TLC stating they charged us $1035.00 for the transport from Cortland to St. Joseph's and that they had billed our insurance company.

10. These charges were a " debt" as that term is defined in the FDCPA.

11. At no time did either one of us sign anything with TLC.

12. We received a check from our insurance company for $1,000 ( our co-pay was $35.00). Regrettably, we used the money for emergency expenses (Christopher was out of work for 6 weeks following his hospital stay) instead of paying TLC.

13. On or about November 16, 2010, we called TLC. [1] We spoke to a woman named Ann. We told Ann we wanted to pay the bill. Ann said we could pay the bill directly to her and that she would tell Med-Rev that we had paid it. We gave her our debit card number and she deducted $1035.00 and said it was paid in full. There was no mention of us owing any collection fees or costs. TLC gave us a receipt for the payment a copy of which is attached as Exhibit A.

14. On or about November 18, 2010, at a time and date known to Med-Rev, a man named Bob or Bill called from Med-Rev demanding we pay Med-Rev $207.00. We explained we had paid TLC directly. He insisted we pay Med-Rev $207.00. When he would not explain why we owed the money, we asked him to send us a detailed bill in writing with the name of a supervisor to contact. He ignored our request, talking over us and saying he could garnish our wages and threatened to take a judgment against us if we

---

[1] His doctors told Christopher to avoid stressful situations; talking about an overdue bill is stressful for him, so Jessica did the talking in the phone calls iterated in this complaint.

didn't pay. We asked Med-Rev to send something in writing. Bob or Bill was told at that time not to call us again.

15. We received nothing from Med-Rev after that.

16. On or about January 17, 2011, an unidentified woman called us saying she was from Med-Rev demanding we pay it $207.00. We said we owed them nothing and reiterated our earlier phone conversation with Med-Rev. The woman told us she would report this to our credit reports, that they would take a judgment against us and garnish our wages and bank account. We once again told this woman to have Med-Rev send us a detail of the alleged charges . We once again told Med-Rev not to call us but to communicate in writing.

17. On or after January 18, 2011 we received a letter from Med-Rev of such date ( " Letter")

18. A true copy of the Letter is attached to this as Exhibit B;

19. The letter read in pertinent part as follows:

" Jan 18, 2011

CHRISTOPER AMEDEO[2]

| Creditor | Account # | Regarding | Amt Owed |
|---|---|---|---|
| TLC Emergency Medical Ser | 10-2870 | Amedeo, Christopher | $207.00 |

FINAL NOTICE

Since repeated requests for payment of this debt have been ignored and we believe the debt to be just and legal, we strongly urge you to contact this office IMMEDIATELY!  [3]

---
[2] Address omitted  for privacy considerations

> You will, we are sure, want to avoid further collection action by sending us your check or money order for the above balance or make specific arrangement TODAY!
>
> Be advised, if we do not receive the balance as stated, or you fail to contact this office within ten (10) days after the date of this notice, your account may be forwarded to an attorney in your community, with instructions to proceed with action to insure payment of your delinquent account.
>
> Yours truly,
> MED-REV RECOVERIES, INC. "

20. The Letter was the first and only written communication we received from Med-Rev.

21. The Letter contained no other explanation or material explaining the charges allegedly due, despite our request for same.

22. On or about March 4, 2011, despite our earlier requests, Med-Rev called our house twice.

23. On March 7, 2011, we called Med-Rev and spoke to Dawn. We explained that the bill had been paid to TLC and we did no owe anything more. She said, " Yes, you do, those are charges TLC added after the bill had been paid." We reiterated our request that no one call us and that Med-Rev should communicate in writing. She then said that we were wrong, no one from Med-Rev had called us!

24. As of this date, no attorney has contacted us for TLC and no legal action has commenced for this amount.

---

[3] emphasis as in the original

25. As we are informed and believe, Med-Rev seeks to collect a 20% fee under the guise of a charge from TLC, even though there is no law or agreement between us and TLC to impose such a charge.

26. As we are informed and believe, there is no law that imposes a collection fee on an unpaid bill for ambulance services.

27. As we am informed and believe, TLC has paid nothing to Med-Rev for this account.

28. TLC never billed us for any fee: quite to the contrary, TLC told us when we paid them we owed them nothing more.

29. In other words, Med-Rev seeks to collect a debt that does not exist and that neither of us owes.

30. As we are informed and believe, TLC knew or should have known Med-Rev was using TLC's name to collect this phantom debt.

31. As a result of Med-Rev's attempts to collect this alleged debt from us, we became annoyed, abused, stressed, humiliated and anxious, and my wife and I have been frightened that our wages could be garnished and our bank accounts taken without cause or notice, making us uncomfortable and insecure in our daily activities, all feelings which have persisted from November 2010 to this day.

## COUNT 1

*(Violation of the Fair Debt Collection Practices Act)*

32. We repeat the allegations of the preceding paragraphs.

33. Med-Rev's actions in trying to collect a debt that does not exist violates the Fair Debt Collection Practices Act , 15 USC 1692e and 15 USC 1692f, because, *inter alia*:

    a. Defendant mischaracterizes the amount, legal status nature and character of the debt in violation of 15 USC 1692e(2)(a);

    b. Defendant, by its Letter and phone calls, falsely threaten action or seek to take action which they could not legally take or never intended to take, in violation of 15 USC 1692e(5);

    c. Defendants falsely represent the debt as owed, in violation of 15 USC 1692e and 15 USC 1692e(10);

    d. Defendants, by its Letter, creates a false sense of urgency and imminence, in violation of 15 USC 1692e, 15 USC 16923(2)(a), 15 USC 1692e(5) and 15 USC 1692e(10)

    d. Defendants unfairly and unconscionably seek to collect an amount it is not entitled to by agreement or law, in violation of 15 USC 1692f and 15 USC 1692f(1).

## COUNT 2

*( Violation of the Fair Debt Collection Practices Act- failure to validate)*

34.     We repeat the allegations in the preceding paragraphs.

35.     Med-Rev's acts in attempting to collect this alleged of failing to provide notice of our rights to validate the debt, then ignoring our request to validate the alleged debt while continuing its demand we pay such debt, violates 15 USC 1692e, 15 USC 1592f, and 15 USC 1692g.

## COUNT 3

*( Violation of the Fair Debt Collection Practices Act- harassment)*

36.     We repeat the allegations of the preceding paragraphs.

37.     Med-Rev's acts, in its phone calls, of telling Jessica Amedeo she could be sued, her wages garnished, her bank account taken, and the item reported on her credit report, violates 15 USC 1692d, 15 USC 1692e, 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f and 15 USC 1692f(1).

## COUNT 4

*( Violation of the Fair Debt Collection Practices Act- harassing phone calls)*

38.     We repeat the allegations of the preceding paragraphs.

39.     Med-Rev's acts of attempting to collect this alleged debt of continuing to call us to demand payment despite Christopher Amedeo's repeated requests that they cease doing so and then lying about it violates 15 USC 1692c ( c ), 15 USC 1692d and 15 USC 1692d(5)

## COUNT 5

*(Violation of New York State General Business Law §349)*

40.     We repeat the allegations of the foregoing paragraphs .

41.     Med-Rev and TLC acted with deception in the business pursuit of collecting consumer debts from us and others like me.

42.     The acts complaint of here, i.e., seeking to collect a debt that Is not owed wither by law or agreement, refusing to validate its claim despite due demand, Med-Rev seeking to collect a fee from under the guise it is owed to TLC and TLC letting it use their name to extort the fee, calling repeatedly when told not to then lying about it, threatening to take action it could not take or would not take, threatening Jessica Amedeo with a judgment and garnishment when she had nothing to do with the alleged debt, are false and/or deceptive in a material way as defendants could not obtain money from consumers without these acts and their effect is to force consumers to pay or subject themselves to continuing harassment, thus are material acts of deceit.

43.     Upon information and belief, one or more of these wrongful acts are performed whenever a consumer in this district pays TLC directly instead of Med-Rev.

44.     Such deception is, on information and belief, knowing and intentional.

45.     We, and others who have received and acted on letters and action like the Letter sent and phone calls made by Med-Rev have been damaged.

46. As we am informed and believe, the actions of Med-Rev in the above Counts have been frequent, persistent, and intentional .

## COUNT 6

*( Intentional infliction of emotional distress)*

47. We repeat and reiterate the preceding paragraphs.

48. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

49. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

50. We each have been damaged thereby.

## COUNT 7

*( Negligent infliction of emotional distress)*

51. We repeat and reiterate the allegations of the preceding paragraphs.

52. The defendants owed a duty to Christopher Amedeo and Jessica Amedeo not collect money or attempt to collect money in a way that harasses them, or that deceives, misrepresents or falsifies them, that is not unfair or unconscionable, or that deprives each his or her right to privacy under the FDCPA.

53. In acts and words, as set forth in the foregoing Counts, defendants breached this duty to each of the plaintiffs.

54. As a direct result, Christopher Amedeo suffered emotional distress and a fear for his safety and well-being, which has persisted from November 2010 to this day.

55. As a direct result, Jessica Amedeo suffered emotional distress and fear for her safety and well-being, which has persisted from November 2010 to this day.

### COUNT 8
*( Negligent Hiring- TLC )*

56. We reiterate and reallege the preceding paragraphs.

57. TLC hired Med-Rev to collect unpaid bills from consumers it provided services to.

58. As such, it owed a duty of care to those consumers and their families that any collection attempts made on its behalf was done in a lawful manner.

59. TLC knew or should have known Med-Rev engages in the conduct described in the previous Counts.

60. -TLC knew or should have known that Med Rev has been accused in court of violating the FDCPA nearly 10 times in the recent past.

61. In hiring and directing or monitoring the collection of its receivables, TLC -- turned a blind eye to Med Rev's practices in collecting money from TLC consumers, or when, as here, Med-Rev was trying to extort money under the aegis of TLC's good name.

62. TLC knew or should have known that Med Rev was trying to collect money from plaintiffs which they did not owe to either TLC or Med Rev, but TLC did nothing about it.

63. TLC thus breached its duty to the plaintiffs.

64. While TLC may not be liable to plaintiffs under the FDCPA, it is thus liable to the plaintiffs in the negligent hiring of Med Rev to collect on its behalf ( *See. e.g. Witherwax vs Transcare* 8 Misc3d 1005A, 2005 NY Slip Op 50929(U) ( 2005 NY Misc LEXIS 1217

65. As a result of this breach, plaintiffs have been injured as aforesaid.

**JURY DEMAND**

We ask for a trial by jury of all issues

**WHEREFORE**, We ask the Court for judgment:

a. declaring the actions of Med-Rev in violation of the FDCPA and New York State General Business Law §349;

b. awarding each of us actual damages as proven against the defendants, jointly and severally;

c. awarding each of us statutory damages per 15 USC §1692k, against Med-Rev;

d. awarding each of us actual and statutory damages against each defendant, per GBL §349;

e. awarding us costs and disbursements of this action, and reasonable attorney's fees as allowed by law; and

f. such other, further and different relief as the Court finds proper here.

DATED:     April 28, 2011

*s/ Anthony J Pietrafesa*

_____

**ANTHONY J PIETRAFESA ESQ. (102368)**
*Attorney for Christopher & Jessica Amedeo*
210 Bell Court
Schenectady NY 12303
518.218.0851
fax: 518.514.1241
ajp@ajp1law.com

VERIFICATION

Jessica Amedeo, being duly worn, deposes that: I am one of the plaintiffs in this action, I have read the complaint and the factual allegations contained in the complaint are true to my personal knowledge except for those alleged on information and belief, and as to those allegations I believe them to be true.

s/ *Jessica Amedeo*
_____


Sworn to and Subscribed
Before me on  4/28/11


s/ *Anthony J Pietrafesa*
_____

Anthony J. Pietrafesa-Notary Public
Qualified in Albany County 02PI6157974
My Commission expires 11/20/2014